IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EMERY CURTIS LEWIS,
    Plaintiff,

vs.                                        Case No. 3:07cv178/RV/EMT

ESCAMBIA COUNTY JAIL, et al.,
    Defendants.
_____/

## ORDER

        This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 4). From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named Defendants. Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

        At all times relevant to this action, Plaintiff was a pre-trial detainee housed at the Escambia County Jail ("Jail") (*see* Doc. 1 at 1, 5). Plaintiff names six Defendants: the Jail, Sheriff Ron McNesby, Capt. Chromiak, Sgt. Swinney, Sgt. Meritt, and Sgt. Collins (Doc. 1 at 1). Plaintiff contends that Defendants have imposed "cruel and unusual punishment . . . with regard to [the] fair and ethical treatment of pre-trial detainees," violated his Due Process rights, and inflicted psychological abuse (*id.* at 7). In factual support, Plaintiff alleges that he was placed in administrative confinement on April 27, 2006 and has been denied his outdoor recreational privileges since that time (*id.* at 5). Plaintiff alleges he is entitled to the same privileges as other inmates housed in administrative confinement (*id.*). He further alleges that "everybody on [administrative confinement] has been out to recreation [but] I have not" (*id.*). Plaintiff states that he has filed inmate grievances and formal grievances about this matter (*id.*). Plaintiff does not state the outcome of these grievances, but he alleges that as of the date he filed his complaint, April 17,

2007, he has not been granted outdoor privileges. Plaintiff also alleges he asked "Sgt. Grawer, Sgt. Swinney, Capt. Chromiak, Sgt. Meritt and others about me going outside to recreation [and] they all tell me the same story[:] 'They [are] doing construction on the yard, maybe in 2 weeks, or when there is enough staff'" (*id.*). Plaintiff also alleges that he is "being abused mentally and [] suffering" (*id.* at 6). For relief, Plaintiff seeks punitive damages, modification of his custody parameters, discharge of the current charges pending against him, sanctions against Defendants, and any further relief as the court deems just and necessary (*id.* at 7).

As an initial matter, Plaintiff must clarify the Defendants in this matter. In the style of the case he names the Jail, Sheriff McNesby, Capt. Chromiak, Sgt. Swinney, Sgt. Meritt, and Sgt. Collins; however, in the "Defendants" section of the complaint form he only names Sheriff McNesby, Capt. Chromiak, and Sgt. Swinney (Doc. 1 at 1, 2). Furthermore, Plaintiff adds "Sgt. Grawer . . . and others" in the "Facts" section of his complaint (*id.* at 5). Therefore, Plaintiff must clarify who he seeks to sue in this action. Plaintiff must list each Defendant in both the style of the case and the "Defendants" section of the complaint form even if he must attach additional pages, and the Defendants named in the style of the case should be the same as those listed in the "Defendants" section of the complaint form.

As to the substance of Plaintiff's complaint, it appears that Plaintiff has failed to state a claim challenging the conditions of his confinement. At a minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety.[1] Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981); *see also* Hamm v. DeKalb County, 774 F.2d 1567, 1571–72 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S. Ct. 1492, 89 L. Ed. 2d 894 (1986). Furthermore,

---

[1] Plaintiff was a pretrial detainee at all times relevant to this action. As such, his claims of cruel and unusual punishment sound properly in the Fourteenth Amendment right to due process of law rather than in the Eighth Amendment. *See* Taylor v. Adams, 221 F.3d 1254, 1257 n.3 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077, 121 S. Ct. 774, 148 L. Ed. 2d 673 (2001) (citing Lancaster v. Monroe County, Alabama, 116 F.3d 1419, 1425 n.6 (11th Cir.1997)). Nevertheless, his claims regarding the conditions of his confinement are analyzed in identical fashion regardless of whether they arise under the Due Process Clause or the Cruel and Unusual Punishment Clause. *See id.* (citations omitted). This court thus looks to those cases specifying the contours of an Eighth Amendment deliberate-indifference claim to determine the elements Plaintiff must satisfy in this case.

"conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). The challenged condition must be "extreme." *Id.* at 9, 112 S. Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, Helling v. McKinney, 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S. Ct. at 2481. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Id.* at 36, 113 S. Ct. at 2482. The Eighth Amendment thus guarantees that prisoners will not be "deprive[d] . . . of the minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399.

Chandler, 379 F.3d at 1289–90. The objective prong is concerned with both the "severity" and the "duration" of the prisoner's exposure to the alleged unconstitutional condition. *Id.* at 1295. "[M]ere discomfort, without more, does not offend the Eighth Amendment." *Id.*

The second part of the two-part analysis is the "subjective component":

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. Hudson, 503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). In defining the deliberate indifference standard, the Farmer Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows

>of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S. Ct. at 1979. Furthermore, the official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844, 114 S. Ct. at 1982–83.

Chandler, 379 F.3d at 1289-90.

Plaintiff's complaint suggests that he is not allowed outdoors for recreational activity, and he has not been so allowed for a period of about eleven months. As noted above, federal courts, including the United States Supreme Court, have recognized that exercise is a basic human need protected by the Eighth Amendment. Rhodes, 452 U.S. at 347; *see also* Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991) (noting Eighth Amendment violated when conditions of confinement result in "deprivation of a single, identifiable human need such as food, warmth, or exercise . . . "). What is required of prison officials at a minimum is not that they provide inmates with time outdoors, but rather that they provide an adequate opportunity for exercise—indoors or out. In deciding whether an inmate is being afforded an adequate opportunity to exercise, courts must generally consider 1) the size of the inmate's cell, 2) the amount of time he spends locked in his cell each day, and 3) the overall duration of his confinement. Green v. Ferrell, 801 F.2d 765, 771 (5th Cir. 1986); Ruiz, 679 F.2d at 1152. Ultimately, the court must consider the specific circumstances of a health hazard on a case by case basis. Green, 801 F.2d at 771; Ruiz, 679 F.2d at 1152; Lato v. Attorney General, 773 F. Supp. 973, 978 (S.D. Tex.1991). Thus, to the extent Plaintiff complains only of not being allowed outdoors, he has failed to state a claim. Plaintiff should clarify in his amended complaint whether he is permitted to exercise, even though he is not allowed outdoors. Moreover, Plaintiff's facts must demonstrate that the conditions of which he complains pose an unreasonable risk of serious damage to his future health, and he must allege facts showing how each named Defendant was deliberately indifferent to an excessive risk of harm.

Furthermore, Plaintiff's claim that his assignment to administrative confinement violates Due Process is subject to dismissal. The Due Process Clause does not directly protect an inmate from changes in the conditions of his confinement, as long as the condition to which the prisoner is subjected is not otherwise violative of the Constitution or outside the sentence imposed upon him.

Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991) (citing Meachum v. Fano, 427 U.S. 215, 224, 96 S. Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976); Montanye v. Haymes, 427 U.S. 236, 242, 96 S. Ct. 2543, 2547, 49 L. Ed. 2d 466 (1976)). Thus, there is no constitutional entitlement to prison rehabilitative programs or to particular custody classifications. Moody v. Daggett, 429 U.S. 78, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976); *see also* Hewitt v. Helms, 459 U.S. 460, 466, 103 S. Ct. 864, 869, 74 L. Ed. 2d 675 (1983) (no liberty interest in being confined in the general population rather than in the more restrictive atmosphere of administrative confinement); Jones v. Diamond, 594 F.2d 997, 1015 (5th Cir. 1979) (no right exists under the due process clause to a system of prisoner classification).

Stated succinctly, due process is required only if a person is deprived of an interest protected by the Due Process Clause. In Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the Supreme Court held that inmates may be deprived of a liberty interest only if the manner or character of their confinement amounts to a "dramatic departure from the basic conditions of [the inmate's] sentence." 515 U.S. 472, 486, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995). The Court limited the field to those deprivations that "exceed[ ] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" or those that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* On the facts of the case before it, the Court went on to state that the thirty-day placement of an inmate in disciplinary confinement was not atypical or significant enough to trigger due process protection. *Id.*; *see also* Rodgers v. Singletary, 142 F.3d 1252 (11th Cir. 1998) (two-month stay in administrative confinement while criminal charges were pending does not violate due process under Sandin). On the other hand, the deprivation of gain time credits through disciplinary proceedings does impose a significant hardship which creates a liberty interest meriting due process protections. Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999) (citing Wolff v. McDonnell, 418 U.S. 539, 558, 94 S. Ct. 2963, 2976, 41 L. Ed. 2d 935 (1974)).

Plaintiff has also failed to state an equal protection violation. The Equal Protection Clause requires that the government treat similarly situated people in a similar manner. *See* City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). In order "[t]o establish an equal protection claim, a prisoner must demonstrate that (1) he

is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest," such as race, gender, or religion. Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotation marks omitted). Thus, in order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). Plaintiff must also allege Defendants acted with the intent to discriminate against him. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. GJR Inv., Inc. v. County of Escambia, 132 F.3d 1359, 1367–68 (11th Cir. 1998); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987).

In the instant case, Plaintiff has failed to state a viable equal protection claim. Plaintiff states everyone on administrative confinement ("AC") has been out to recreation but he has not (Doc. 1 at 5). However, Plaintiff has not established that everyone in administrative confinement is "similarly situated." For example, some inmates may be in AC for physical or mental ailments, while others may be in AC for disciplinary reasons. To state a claim, Plaintiff must first establish that he is similarly situated to the AC inmates that were permitted outside recreation. Moreover, if Plaintiff makes this threshold showing, he must also establish that the named Defendant(s) acted with the intent to discriminate against him in denying outside recreation. *See* McClesky, 481 U.S. at 292; E & T Realty, 830 F.2d at 1113. Unless sufficient facts exist and are alleged, Plaintiff's equal protection claim is subject to dismissal.

Plaintiff is also advised that the Escambia County Jail is not a proper party. Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff. *See* Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (same); Avant v. Rice, 1992 WL 359633, at *6 (M.D. Fla. Nov. 19, 1992) (unpublished opinion) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county

or the sheriff's office); Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (same). For claims against a sheriff's department or a county jail, the appropriate defendant is the Sheriff in his official capacity. *See* Mitchell v. Untreiner, 421 F. Supp. 886, 888 (N.D. Fla. 1976) (referring to Sheriff of Escambia County, Florida as "the Chief Jailer of the Escambia County Jail"); Avant, 1992 WL 359633, at *6.

Inasmuch as Sheriff McNesby is already named as a Defendant and clearly is being sued in his official capacity, Plaintiff's claim against the Escambia County Jail is duplicative and superfluous, and should be deleted from Plaintiff's amended complaint. *See* Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999); Washington v. Bauer, 149 Fed. Appx. 867, 871 n.1 (11th Cir. 2005); Erickson, 1996 WL 427769, at *1 (finding it "redundant and unnecessary" to name the Collier County Sheriff's Office as a defendant where plaintiff named the Sheriff of Collier County in his official capacity).

Furthermore, to the extent Plaintiff has alleged Defendant McNesby is liable only because he denied Plaintiff's grievances, Plaintiff is advised that he has failed to state a claim as to Defendant McNesby on the basis of his denial of Plaintiff's grievances alone. Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999), *cert. denied*, 120 S. Ct. 1974, 146 L. Ed. 2d 804 (2000).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).  Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.  Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994).  The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur.  *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996).  Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary.  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, although it is not clear, Plaintiff appears to allege Defendant McNesby denied his grievances and he is therefore named as a Defendant.  Alternatively, Plaintiff may have named Defendant McNesby simply because he is the employer of the Jail staff.  As discussed *supra*, however, these facts standing alone do not provide a basis for liability.  Therefore, if these are the only grounds on which Plaintiff bases his claim against Defendant McNesby, Plaintiff should drop Defendant McNesby as a Defendant unless additional facts exist and are alleged to support a claim against him.

Plaintiff must also clarify the nature of the relief he seeks.  To the extent he seeks dismissal of the current charges and release from custody, his action is properly brought in habeas corpus action.  The Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific

determination must override the general terms of § 1983." Preiser, 411 U.S. at 490; *see also* Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Picard v. Connor, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Galtieri v. Wainwright, 582 F.2d 348 (5th Cir. 1978). Therefore, to the extent Plaintiff seeks dismissal of the current charges, he must present his claims in a habeas corpus action.

Finally, Plaintiff is not entitled to the monetary damages he seeks absent an allegation that he has suffered physical harm as a result of the alleged constitutional deprivation. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd.* 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied,* 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff does not allege physical injury arising from the Defendants' actions. Because § 1997e forbids the litigation of Plaintiff's claim for monetary damages while Plaintiff is imprisoned, the claim is subject to dismissal.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant was involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Finally, Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "**Amended Complaint**." In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3. Failure to comply with this order may result in a recommendation that this action be dismissed.

**DONE AND ORDERED** this 14th day of May 2007.

Case No: 3:07cv178/RV/EMT

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 3:07cv178/RV/EMT